Rhodes v. Peoples' Savings & Building Association.

---

CASE 21—ACTION TO ENFORCE MORTGAGE—OCT. 13.

# Rhodes v. Peoples Savings & Building Association.

APPEAL FROM HENDERSON CIRCUIT COURT.

PARTIES—HUSBAND AND WIFE.—A conveyance of land by a husband to his wife upon the consideration of her assumption of a mortgage upon 'it makes the mortgage debt hers, and in an action to enforce same, he is not a necessary party.

M. C. AND G. D. GIVENS FOR APPELLANT.

1. Moses Rhodes was a necessary party ·to the suit. Ky. Stats., secs. 2127, 2128.

2. The judgment ·does not conform to the pleadings. Upon an application to correct a misprision it was improper to allow the ·parties to amend the pleadings.

E. G. SEBREE, JR., FOR APPELLEE.

Counsel discussed *seriatim* the points relied on for reversal, and in support of his contention cited Ky. Stats., sec. 2128, pro-' viding that a married woman may sue and be sued as a single woman.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

The appellee instituted suit in the Henderson Circuit Court seeking to recover judgment against Moses Rhodes and appellant for the sum of $871.52, and also asserting·a

mortgage lien on certain real estate to secure the pay-
ment thereof. It was alleged in the petition that Moses
Rhodes, by deed May 5, 1896, conveyed to his wife, Rosa
Rhodes, the real estate described in the mortgage, and
that she, in consideration thereof, had agreed to pay
plaintiff said debt. Afterwards an amended petition was
filed, from which it appeared that Moses Rhodes had re-
paid the plaintiff the balance due on nineteen shares of
stock in said association, which left said Rhodes the owner
of only ten shares.

It appears from the record that twenty-six shares was
the whole number of shares subscribed for by said Rhodes.

At the May term, 1897, the appellant filed an
answer, which it seems was intended to plead
usury, and asked that plaintiff be required to file a
statement of all moneys borrowed claimed for herein,
dates thereof, and all payments thereon, with date of
same, and that all payments be calculated at 6 per cent.
interest, and that interest on plaintiff's claim be calculated
at 6 per cent., and properly credited on said debt.

At the May term, 1897, plaintiff filed another amended pe-
tition, in which it was more fully averred that the real estate
mortgage had been conveyed to appellant under her prom-
ise and agreement to pay the debt sued on herein. Moses
Rhodes filed an answer, which we consider an insufficient
attempt to plead usury, but not traversing the other aver-
ments in the petition.

At the January term, 1898, the plaintiff dis-
missed, without prejudice, this action as to Moses
Rhodes, and on the 15th of January, 1898, the ap-
pellee obtained judgment against appellant for $871.52,
besides interest, and also a judgment enforcing its lien
upon the real estate mentioned herein.

Rhodes v. Peoples' Savings & Building Association.

In February, 1898, Moses and Rosa Rhodes filed a petition and motion for a modification of the judgment hereinbefore entered, for errors appearing on face of the papers.

The material part of the petition so filed alleges that appellee advanced to defendants $2,600, and issued to them twenty-six shares of stock at $100 per share, and that on January 1, 1897, all interest, dues, etc., had been paid, and there was owing on all the stock only $871.50; that the amended petition of plaintiff filed admits that defendant, at the time, to-wit, on January 1, 1897, the whole amount owed on nineteen shares of said stock had been repaid. They asked that this error be corrected, and said judgment of $871.50 be credited by $19.26 thereof, which would leave plaintiff entitled to a judgment of $234.64.

Several other reasons were given, based upon the pleadings, which Rhodes contended entitled them to the relief prayed for.

While the case was being heard on the petition, the plaintiff was given time to file a response, and the response was allowed to be filed notwithstanding the objection of defendants.

The substance of the response is that by mistake of the draftsman "nineteen" was written instead of "sixteen." The motion of defendants was finally overruled, and from that judgment, as well as from the original judgment, Rosa Rhodes prosecutes this appeal.

We are not of the opinion that the answers of the defendants presented sufficiently the plea of usury; hence the court did not err in disregarding said answers. Nor do we think the court erred in allowing the response to be filed, as, taking the entire record together, it seems to us that

the judgment was not in conflict with the pleadings. It will be seen that the court below repeatedly offered to allow appellant to plead further, which she declined to do. There is no denial of plaintiff's averment that the mortgaged property had been deeded by Moses Rhodes to appellant upon her agreement and undertaking to pay the debt in question.

It therefore follows that the debt became her debt, and not simply the debt of her husband.

It is, however, insisted by counsel for appellant that the court erred in adjudging a sale of appellant's land without the husband being a party to the suit, and we are referred to the statute which provides that the wife can not sell her real estate independently of her husband, and from that it is argued that he is a necessary party to the proceeding to sell her land under the judgment of a court. We do not think such a contention is tenable. We perceive no error in the proceedings prejudicial to the substantial rights of appellant.

The judgment is therefore affirmed.